FILED
United States Court of Appeals
Tenth Circuit

May 5, 2026

Christopher M. Wolpert
Clerk of Court

**PUBLISH**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL RUIZ,

    Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNIS HEBERT,

    Defendant - Appellant.

No. 24-2128
(D.C. No. 1:22-CR-00365-DHU-1)
(D. N.M.)

No. 24-7030
(D.C. No. 6:22-CR-00106-RAW-1)
(E.D. Okla.)

_____

**ORDER**

_____

Before **HOLMES**, Chief Judge, **HARTZ**, **TYMKOVICH**, **MATHESON**, **BACHARACH**, **PHILLIPS**, **McHUGH**, **MORITZ**, **EID**, **CARSON**, **ROSSMAN**, and **FEDERICO**, Circuit Judges.

_____

These matters are before us on *United States' Petition for Rehearing En Banc* filed in 24-2128, Mr. Ruiz's *Response to United States' Petition for Rehearing En Banc* filed in 24-2128, *United States' Reply to Ruiz's Response to the Petition for Rehearing En*

*Banc* filed in 24-2128, *Petition of the United States for Rehearing En Banc* filed in 24-7030, Mr. Hebert's *Response to United States' Petition for Rehearing En Banc* filed in 24-7030, and *Government's Reply in Support of Petition for Rehearing En Banc* filed in 24-7030.

The Clerk's Office circulated these filings to all active judges of the court. Polls were called in each appeal, and a majority of the active judges voted to rehear these matters en banc. We therefore GRANT the petitions, VACATE the court's November 18, 2025 and January 28, 2026 judgments, STAY issuance of the mandates, and REOPEN these matters. *See* Fed. R. App. P. 40(c); *see also* 10th Cir. R. 40.2(E) (noting the effect of the grant of rehearing en banc). We also PARTIALLY PROCEDURALLY CONSOLIDATE these matters for purposes of supplemental briefing and oral argument before the en banc court.

Although these entire cases will be reheard en banc, we direct the parties to address the following questions in supplemental briefs:

- Under the General Crimes Act, 18 U.S.C. § 1152, is a defendant's non-Indian status an essential element that the indictment must allege and on which the government must bear the initial burden of production? Or is a defendant's non-Indian status an affirmative defense that the defendant must raise and bear the initial burden of production?

- Does the government or the defendant bear the ultimate burden of persuasion on non-Indian status?

2

- How should the "Indian canon" of statutory interpretation, *see Ramah Navajo Chapter v. Lujan*, 112 F.3d 1455, 1460 (10th Cir. 1997), affect our analysis?

- If the en banc court determines that defendants must raise non-Indian status as an affirmative defense and bear the initial burden of production, should we remand Mr. Hebert's and Mr. Ruiz's cases for retrial?

Within thirty days of the date of this order, the United States shall file a single consolidated supplemental brief that may be no more than thirty double-spaced pages in a 13- or 14-point font.

Within thirty days of service of the United States' supplemental brief, Mr. Ruiz and Mr. Hebert must file supplemental response briefs that may each be no longer than twenty double-spaced pages in a 13- or 14-point font. To the extent possible, Mr. Ruiz and Mr. Hebert should coordinate their supplemental briefing to avoid duplication. Mr. Ruiz and Mr. Hebert are reminded that they may join in and adopt by reference and/or adopt by reference a part of another party's brief.  *See* Fed. R. App. P. 28(i).

Within fourteen days of service of the supplemental response briefs, the United States may file a single consolidated supplemental reply brief that may be no longer than fifteen double-spaced pages in a 13- or 14-point font.

Sixteen paper copies of the foregoing briefs must be received in the Clerk's Office within five business days of each brief's electronic filing.

This matter will be scheduled for oral argument before the en banc court at 2:00 p.m. MDT on Monday, August 17, 2026 in Denver, Colorado. Mr. Ruiz and Mr. Hebert will argue first and are, collectively, allotted thirty minutes of argument time. The United States will argue second and is allotted thirty minutes of argument time. We discourage requests for extensions of the briefing deadlines.

Entered for the Court,

Per Curiam